UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62272-BLOOM/Valle

STEPHEN HORRILLO,

    Plaintiff,

v.

DISCOVER BANK,

    Defendant.
_____/

ORDER ON DEFENDANT'S MOTION TO
COMPEL ARBITRATION AND STAY LITIGATION

**THIS CAUSE** is before the Court upon Defendant Discover Bank's ("Defendant") Motion to Compel Arbitration and Stay Litigation, ECF No. [21] ("Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is granted.

**I.     BACKROUND**

Plaintiff Stephen Horrillo ("Plaintiff") brings claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and Florida Statutes §§ 559.55-559.785 ("FCCPA"). As the basis for his action, Plaintiff claims that "[u]pon information and belief, Defendant, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect [a] Debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (954-XXX-2663)." *See* ECF No. [1] ¶ 15 ("Complaint"). Plaintiff filed the instant Motion on December 16, 2016, asserting that Plaintiff's claims are covered by an arbitration

provision (the "Provision") contained in an Account Agreement between the parties.  *See* Motion.  As of the date of this Order, Plaintiff has not filed a Response or a request for an extension of time to do so.

## II. DISCUSSION

Pursuant to Local Rule 7.1(c) "[e]ach party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default."  S.D. Fla. L. R. 7.1(c).  Defendant filed its Motion on December 16, 2016, allowing Plaintiff until December 30, 2016 to file a Response.  Plaintiff, who is represented by counsel, has failed to do so, indicating that he does not oppose the relief requested.  Accordingly, the Court reviews the Motion without the benefit of a Response from Plaintiff.

The presence of a valid arbitration provision raises a strong presumption of enforcement. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 630-31 (1985).  Indeed, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. "embodies a 'liberal federal policy favoring arbitration agreements.'"  *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1366 (11th Cir. 2008) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  Accordingly, the FAA requires courts to "rigorously enforce agreements to arbitrate," including those contained in employment contracts. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001); *Hemispherx*, 553 F.3d at 1366; *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc*., 312 F.3d 1349, 1357-58 (11th Cir. 2002) *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 134 S. Ct. 773 (2014) (quoting *Mitsubishi Motors*, 473 U.S. at 625-26).  Under the FAA, a written agreement to

arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

Despite courts' proclivity for enforcement, a party will not be required to arbitrate where the party has not agreed to do so.  *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc*., 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010) *aff'd*, 433 F. App'x 842 (11th Cir. 2011) (citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co*., 363 U.S. 574, 582 (1960)).  It is axiomatic that the determination of whether parties have agreed to submit a dispute to arbitration is an issue of law subject to judicial resolution.  *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010).  Generally, this determination requires the district court to apply standard principles of contract garnered from the applicable state-law.  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 939 (1995) (citation omitted); *see also P & S Business Machines, Inc. v. Canon USA, Inc*., 331 F.3d 804, 807 (11th Cir. 2003).  As such, when presented with a motion to compel arbitration, a district court will consider three factors: (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived.  *See Nat'l Auto Lenders*, 686 F. Supp. 2d at 1322 (citation omitted); *see also Sims v. Clarendon Nat. Ins. Co*., 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citing *Marine Envtl. Partners, Inc. v. Johnson*, 863 So. 2d 423, 426 (Fla. Dist. Ct. App. 2003) and *Seifert v. U.S. Home Corp*., 750 So. 2d 633 (Fla. 1999)).

"By its terms, the [FAA] leaves no room for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 213 (1985) (emphasis in original).  Thus, if the aforementioned criteria are met, the Court must issue an order compelling arbitration.  *John B. Goodman Ltd. P'ship v. THF Const.,*

*Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 et seq., a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute.").

In this case, Defendant asserts that Plaintiff's claims all relate to the parties' Account Agreement, which contains a mandatory arbitration provision. That Provision covers any "dispute between you and us arising under or relating to this Account." Motion at 1; *see* ECF No. [21-1] at 4, 11, 25-27. Plaintiff concedes in his Complaint that the debt at issue relates to a "debt from Plaintiff arising from an alleged credit card debt . . . incurred by Plaintiff." Complaint ¶ 14. Accordingly, and in light of Plaintiff's non-opposition, the Court finds that the telephone calls alleged relate to a debt governed by the parties' Account Agreement.

Having reviewed the Account Agreement, the Court additionally finds the arbitration Provision valid. An arbitration agreement is enforceable if it meets the applicable requirements of a validly formed contract – e.g. offer, acceptance, consideration – and the terms are not unconscionable. *Perera*, 914 F. Supp. 2d at 1287; (citing *Mitsubishi Motors*, 473 U.S. at 627 and *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005)). As argued in the Motion, all such requirements are met in this case. The Court also determines that an arbitrable issue exists, as the Provision broadly encompasses a variety of disputes, including the determination of the "scope of this arbitration provision." ECF No. [21-1] at 11; *see Harrington v. Regions Bank*, 2016 WL 367842, at *1 (M.D. Fla. Jan. 29, 2016) ("pursuant to the delegation clauses contained within the arbitration provisions, the Court hereby submits the determination of whether or not the TCPA claim is subject to the arbitration agreement to the arbitrator."); *Shea v. BBVA Compass Bancshares, Inc.*, 2013 WL 869526, at *4 (S.D. Fla. Mar. 7, 2013) ("claim concerning the arbitrability of the TCPA claim should be addressed by an arbitrator instead of

this Court"); *see also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25 ("as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"). Finally, Plaintiff does not argue, and the record is devoid of allegations to indicate, that Defendant has waived its right to arbitrate. *See In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) ("Waiver occurs when both: (1) the party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate; and (2) this participation results in prejudice to the opposing party."). In fact, Defendant states that Plaintiff has in fact invoked the Provision to compel arbitration in a related, pending matter. *See* Motion at 1-2. Accordingly, the Court must enforce the valid arbitration Provision.

**III.    Conclusion**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Compel Arbitration and Stay Litigation, **ECF No. [21]**, is **GRANTED**;
2. This action is **STAYED** pending resolution of arbitration;
3. The Clerk shall **CLOSE** this case for administrative purposes only. After arbitration has concluded, either party may seek to reopen the case;
4. To the extent not otherwise disposed of, all motions are **DENIED as moot**, and all pending deadlines are terminated.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of January, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

**Case No. 16-cv-62272-BLOOM/Valle**

Counsel of Record